IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALAN WILLIAMS,**

      **Petitioner,**

v.                                      **CRIMINAL ACTION NO.: 3:19-CR-39**
                                        **CIVIL ACTION NO.: 3:22-CV-85**
                                        **(GROH)**

**UNITED STATES OF AMERICA,**

      **Defendant.**

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 132.[1] Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Magistrate Judge Trumble recommends that this Court dismiss this § 2255 Petition with prejudice. The Petitioner timely filed objections to the R&R. ECF No. 136. The Petitioner also filed a Motion for Leave to Exceed the page limitation for his Objections, which is **GRANTED**. ECF No. 135.

### I. BACKGROUND

The Petitioner filed a Petition based arguing ineffective assistance of counsel and challenging this Court's jurisdiction as well as the Federal Government's authority to prosecute individuals who sexually exploit children. ECF No. 108. Upon reviewing the

---
[1] All ECF numbers in this Order refer to Criminal Action Number 3:19-CR-39 unless otherwise noted.

record, the Court finds that the background and facts as explained in the R&R appropriately describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts in this Order.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. That said, the Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections waives de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12.  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation is required of the district court when adopting an R&R). It has also explained that when objections are "not specific to the particularized legal recommendations made by the magistrate judge, . . . appellate review is foreclosed." Rosa-Sanchez v. Ray, No. 24-6802, 2024 WL 5232912, at *1 (4th Cir. Dec. 27, 2024).

## III. DISCUSSION

Upon review of all the filings, the Court finds that the Petitioner has presented no objection to the magistrate judge's R&R regarding his Petition. The Petitioner's objections simply reiterate his underlying arguments, which as the Magistrate Judge explained, "are without merit and unsupported by law." ECF No. 132 at 7. Thus, the Court finds that de novo review is not required because the Petitioner's objections present no new legal arguments, and the factual presentation was properly considered by the magistrate judge in his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

Although the Undersigned finds the objections simply rehash the arguments before the Magistrate Judge, this Court still carefully reviewed all twenty-five pages. The Petitioner's legal analysis is misplaced. Congress had the power to enact the statute under which the Petitioner was convicted, and this Court has the jurisdiction and authority to preside over criminal cases brought by the United States to enforce it. See, e.g, United States v. Skinner, 70 F.4th 219, 221 (4th Cir.), cert. denied, 144 S. Ct. 405 (2023); United States v. Fredrickson, 996 F.3d 821, 822 (7th Cir. 2021); United States v. Laursen, 847 F.3d 1026, 1028 (9th Cir. 2017).

## IV. CONCLUSION

Finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 132] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in it and this Order. The Petitioner's Motion pursuant to 28 U.S.C. § 2255 is **DENIED** and is **DISMISSED WITH PREJUDICE**. ECF No. 108.

This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and to the *pro se* Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

Furthermore, the Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing. The Court declines to issue a certificate of appealability.

**DATED:** February 27, 2025

GINA M. GROH
UNITED STATES DISTRICT JUDGE

5